"O"

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

JESSE C. MASON, JR.,                    )          Case No. CV 06-1014-MLG
                                        )
            Plaintiff,                  )
                                        )          MEMORANDUM, OPINION AND ORDER
            v.                          )
                                        )
JO ANNE B. BARNHART, etc.,              )
                                        )
            Defendant.                  )
_____ )

**I.    PROCEDURAL HISTORY AND BACKGROUND.**

        This is an action for judicial review of a final decision of the
Defendant Commissioner dismissing Plaintiff's request for a hearing
on his application for Supplemental Security Income benefits.
Plaintiff filed his application for benefits on February 21, 2003.
(Motion to Dismiss, Ex. 1). Benefits were denied at the initial stage
of review and on September 15, 2003, Plaintiff timely requested a
hearing before an Administrative Law Judge ("ALJ"). On August 9,
2004, Plaintiff was sent a Notice of Hearing setting a hearing date
of September 14, 2004. (*Id.,* Ex. 3).  Plaintiff did not appear at the

hearing and on September 27, 2004, ALJ Robert A. Evans issued an order directing Plaintiff to show cause why the application should not be dismissed for failure to appear. (*Id.,* Ex. 5).  Attached to the notice was a memorandum indicating that a representative of the SSA had attempted to contact Plaintiff at the phone numbers he had provided but all of them were incorrect.  Plaintiff apparently did not respond to the Order and on October 22, 2004, the ALJ issued a notice of dismissal. (*Id.,* Ex. 7)

Plaintiff filed a request for review with the Appeals Council and on February 18, 2005, the request was granted.  The Appeals Council vacated the ALJ's decision because no acknowledgment of receipt of notice of the hearing had been returned by Plaintiff to the Social Security Administration.  The matter was remanded to allow Plaintiff another opportunity for a hearing. (*Id.,* Ex. 9).

A second notice of hearing was sent to Plaintiff on June 3, 2005, setting a hearing for July 13, 2005 at 9:00 a.m. in Palmdale, California, near where Plaintiff then lived.  (*Id.,* Ex. 10).  Plaintiff was again informed that if he did not appear for the hearing and there was not good cause for the failure, the ALJ could dismiss the request for hearing. Plaintiff did not appear for the July 13, 2005 hearing at the time required and the request for hearing was dismissed.  It appears that Plaintiff had arrived at the hearing site approximately one hour late.

In the July 20, 2005 written decision dismissing the request for a hearing, the ALJ stated that Plaintiff had not arrived for the hearing until 10:00 a.m., after the case had been dismissed.  When he arrived "he mentioned something to my hearing monitor about 'transportation.'"  It was further noted that Plaintiff was living

2

within ten minutes of the hearing site and that he had not called or otherwise explained his delay.   The ALJ found that there was no showing of good cause for the failure to appear at the hearing. (*Id.,* Ex. 11).   The Appeals Council denied Plaintiff's request for review on December 8, 2005.  (*Id.*, Ex. 13). Plaintiff then filed this action for judicial review.

On July 31, 2006, Defendant filed a Motion to Dismiss. Defendant contends that the district court lacks jurisdiction to hear this matter under 42 U.S.C. § 405(g) because Plaintiff has failed to exhaust his administrative remedies in that there has been no final decision of the Commissioner made "after a hearing."

In his opposition to the motion, Plaintiff asserts that the ALJ did not engage in sufficient fact-finding to determine whether there was good cause for Plaintiff's failure to timely appear for the hearing.   In addition, counsel has submitted his own declaration stating that the Palmdale facility at which the second hearing was set has limited accessability, which might have prevented Plaintiff from arriving on time and that Plaintiff's application for benefits is based in part on an alleged psychiatric disorder, which may also have impacted his ability to timely appear at the hearing.   There is no declaration from Plaintiff himself.   The matter is now ready for decision.

## II. __ANALYSIS__

Section 205 (g) of the Social Security Act limits judicial review of agency actions to "final decisions of the Commissioner made after a hearing." 42 U.S.C. § 405 (g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Subia v. Commissioner of Social Security*, 264 F.3d

899, 902 (9th Cir. 2001).   The regulations governing Social Security matters provide that if a claimant fails to timely attend a properly noticed hearing, the ALJ may dismiss the request for a hearing. 20 C.F.R. § 404.957.   It is well settled that a decision dismissing a request for a hearing because of a claimant's failure to attend is not a "final decision after a hearing" within the meaning of the Act. Accordingly, the dismissal for failure to attend a hearing is deemed to be a failure to exhaust administrative remedies, and the decision to dismiss the hearing is therefore not subject to judicial review. *Id.; Hoye v. Sullivan,* 985 F.2d 990, 991 (9th Cir. 1992).

Under certain limited circumstances, dismissal for failure of the claimant to attend a hearing will not divest a district court of jurisdiction to review the agency action.   The court may waive a claimant's failure to exhaust remedies if the claimant asserts a colorable constitutional claim collateral to the claim of entitlement to benefits.   *Hoye,* 985 F.2d at 990, citing *Matthews v. Eldridge,* 424 U.S. 319, 330-32 (1976).   For example, if a claimant is so incapacitated by mental illness so as to be unable to understand the nature of the proceedings or process, a colorable constitutional claim may be shown. *See e.g., Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001); *Higbee v. Sullivan,* 975 F.2d 558, 561-62 (9th Cir. 1992).   Due Process violations in the course of the administrative proceedings may also result in the court excusing the failure to exhaust administrative remedies.   *Subia,* 264 F.3d at 902.

It has also been held that the court may exercise jurisdiction over a request for review when the ALJ has erroneously dismissed the request for a hearing.   *See McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2001).   In *McNatt*, the claimant failed to appear for his

4

administrative hearing, although his attorney did attend.  Counsel
requested that the hearing not go forward, but be reset.  This
request was denied and after issuance of an Order to Show Cause by
the ALJ, to which no response was made, the request for a hearing was
dismissed.  On appeal, following dismissal of the action by the
district court for lack of jurisdiction, the Ninth Circuit held that
the appearance by counsel for the purpose of seeking a continuance
was sufficient under the applicable regulation to constitute an
"appearance" at the hearing by the claimant and rendered the
resulting dismissal improper. *Id.* at 1087-88; *See also* 20 C.F.R.
§ 404.957 (b)(1)(i).

In this case, Plaintiff does not come within either the
colorable constitutional claim exception nor the *McNatt* exception to
the jurisdictional bar.  Indeed Plaintiff has not asserted a
Constitutional claim at all; claiming instead that dismissal under
the circumstances presented here violated the relevant regulations.
Plaintiff has simply failed to make an affirmative assertion of a
cognizable constitutional violation.

Plaintiff claims that the ALJ erred in failing to investigate
the issue of whether there was good cause for his tardy appearance
at the second administrative hearing.  Plaintiff acknowledges that
the regulations permit dismissal of a request for a hearing when the
claimant is late and if there is a finding that good cause did not
exist for the untimeliness. 20 C.F.R. §§ 416.1438, 416.1457(b)(1).
Here, the ALJ noted Plaintiff's mention of some type of
transportation problem to the hearing monitor but found that this did
not constitute good cause in light of Plaintiff's failure to call the
phone number on the Notice of Hearing to explain his delay, the

proximity if his residence to the hearing site, and that this was the second time he had failed to timely appear for his hearing.  This statement was clearly a determination that good cause did not exist, a determination which this court does not have jurisdiction to review.[1]

Plaintiff failed to timely appear at his administrative hearing despite having been given ample notice. This was the second time he had failed to appear.  The ALJ appropriately dismissed the request for a hearing based upon this failure and the absence of a showing of good cause for the tardiness.  Plaintiff has failed to assert a colorable constitutional claim and has failed to show any other basis which would permit waiver of exhaustion and allow judicial review. I therefore find that there has been no final decision "after a hearing" as required by 42 U.S.C. §405 (g) and that this court lacks subject matter jurisdiction over this action for judicial review. Accordingly, Defendant's motion to dismiss is GRANTED and this action shall be DISMISSED with prejudice.

Dated: September 25, 2006        */S/ Marc L. Goldman*

_____
Marc L. Goldman
United States Magistrate Judge

---

[1] In addition, Plaintiff has yet to assert facts in support of his claim of good cause.  While counsel posits that the delay may have been the result of difficulty gaining access to the hearing room or the result of Plaintiff's depression, there was nothing in the record before the ALJ or before the Court which would support these factual assertions.